```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ALICIA HINTON                    :    CIVIL ACTION
                                 :    NO. 16-1984
          v.                     :
                                 :
CAROLYN W. COLVIN, ACTING        :
COMMISSIONER OF SOCIAL SECURITY  :

# O R D E R

**AND NOW**, this **11th** day of **October, 2018**, it is hereby

**ORDERED** that:

    (1) Plaintiff's objections (ECF No. 16) are

**OVERRULED**;[1]

---

[1] The Court has carefully considered Plaintiff's objections to Magistrate Judge Henry S. Perkin's Report and Recommendation ("R&R") and the Commissioner's response to the objections. There is no need to repeat the history or facts of the case as Judge Perkin's R&R adequately relays that information.

The Court concludes that Judge Perkin has correctly and sufficiently addressed Plaintiff's arguments, and, thus, adopts his R&R. Nonetheless, reviewing the issues raised in the objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), the Court further concludes that:

    a. The ALJ's decision to discount the opinion of treating neurosurgeon, Anthony Alastra, M.D., was supported by substantial evidence.

    Initially, the ALJ did not err in discounting Dr. Alastra's conclusion that Plaintiff could carry no more than five pounds. The ALJ found that Plaintiff could, instead, lift ten pounds with her left arm (but only two to three pounds with her right arm due to impairments) based upon medical records and testimony indicating that she had no left arm impairment and based partially on the conclusion of Anne C. Zaydon, M.D., state

agency medical consultant, that Plaintiff could carry ten pounds frequently and twenty pounds occasionally. See R&R at 7-12; R. 14, 16, 67, see also R. 54-55 (asserting that Plaintiff has no pain in her left arm), 56 (asserting that Plaintiff can lift a gallon of milk with her left hand, but not her right), 424 (November 29, 2012 note from Dr. Alastra's practice indicating that Plaintiff "has no symptoms in the left upper extremity or left hand"). While Dr. Alastra's assertion was supported by the opinion of consultative physician Emmanuel Atiemo, M.D. that Plaintiff was limited to occasionally lifting two to three pounds, R. 394, the ALJ's decision to discount both doctors' findings regarding Plaintiff's ability to carry with her left arm was supported by the substantial evidence described above, rather than merely being the ALJ's lay opinion.

Similarly, the ALJ did not err in partially accepting Dr. Zaydon's assessment. Plaintiff asserts that the ALJ could not discount Dr. Zaydon's conclusion that Plaintiff could carry twenty pounds and, at the same time, rely on the assessment in finding that Plaintiff could carry ten pounds. The Court disagrees. The ALJ weighed all of the opinion evidence and reasonably concluded that the opinions of Drs. Alastra and Atiemo on the subject did not adequately take into account Plaintiff's ability to use her left arm, while Dr. Zaydon had failed to fully account for Plaintiff's right arm limitations. It is the ALJ's duty to weigh the opinion and medical evidence, to make the RFC determination, and to provide reasons therefor. 20 C.F.R. § 404.1527(b)-(c), (d)(2). The record indicates that the ALJ adequately discharged these duties.

Moreover, the Court disagrees with Plaintiff's contention that the ALJ chose an arbitrary middle ground between the physicians' opinions regarding her carrying capacity. Instead, the ALJ essentially accepted the limitations espoused by Drs. Alastra and Atiemo regarding Plaintiff's right arm, and Dr. Zaydon's opinion regarding her left arm. This is reflected in the ALJ's RFC assessment that over all, Plaintiff could lift up to ten pounds but that her right hand could only be used in an assistive capacity. R. 13. As stated above, the ALJ's decision to weigh the medical opinions in this manner was based on substantial evidence.

    b.    The ALJ assessment of Plaintiff's subjective complaints of pain and numbness was supported by substantial

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge Henry S. Perkin's Report and Recommendation (ECF No. 14);

(3) Plaintiff's request for review (ECF No. 10) is

---

evidence. As described by Judge Perkin, the ALJ analyzed the pertinent medical evidence, and carefully explained his reasons for discounting the severity of Plaintiff's complaints. R&R 13-17. Plaintiff takes specific issue with the facts that: (1) the ALJ considered her activities of daily living in this analysis; and (2) the ALJ remarked that Dr. Alastra's last treatment note was over a year before he rendered his disability determination and that, during that time period, there was no documentation of side effects from medication. R. 16. The ALJ then remarked that Dr. Alastra's report merely noted the possible side effects from Plaintiff's medicines rather than actually documenting that Plaintiff suffered from those side effects. Id.

Regarding the ALJ's consideration of Plaintiff's daily activities, this is a factor the ALJ must consider in his or her analysis. SSR 96-7p, 20 C.F.R. § 404.1529(c)(3)(i). Moreover, this was only one of many factors cited by the ALJ in explaining why he did not fully credit Plaintiff's complaints of pain and numbness. See R. 15. The ALJ did not err in considering Plaintiff's ability to perform daily activities.

Judge Perkin fully addressed Plaintiff's argument regarding side effects from medication in the adopted R&R. R&R 17-18. Plaintiff points to notes pre-dating the relevant period in suggesting side effects existed during the relevant period. However, during the relevant period, there are no documented complaints of dizziness or sleepiness and Dr. Alastra did not state otherwise in his final treatment note or in his disability report. Instead, he merely stated in the report that Plaintiff's medications were known to cause certain side effects. R. 436. The Court concludes that, as part of his comprehensive analysis, the ALJ did not err in mentioning this fact.

In that the ALJ did not commit a reversible error and his decision is supported by substantial evidence, Plaintiff's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.

**DENIED;** and

(4) The Clerk of Court shall mark this case as **CLOSED.**

**AND IT IS SO ORDERED.**

<u>**/s/ Eduardo C. Robreno**</u>
**EDUARDO C. ROBRENO,    J.**